IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOSE TRINIDAD GOMEZ-ALVAREZ,    )
                                )
            Petitioner,         )
                                )
      v.                        )      1:05CV358
                                )      1:03CR428-1
UNITED STATES OF AMERICA,       )
                                )
            Respondent.         )

### RECOMMENDATION OF MAGISTRATE JUDGE ELIASON

Petitioner Jose Trinidad Gomez-Alvarez, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to illegal reentry of an aggravated felon in violation of 8 U.S.C. § 1326(a). (Docket nos. 8, 11 (criminal case))[1] The court sentenced him to 71 months in prison. (Docket no. 14 (criminal case)) Petitioner did not appeal. He then filed this section 2255 motion. (Docket no. 1) Respondent has responded. (Docket no. 3) Petitioner has filed a reply brief. (Docket no. 5) The matter is now ready for ruling.

### DISCUSSION

Petitioner's first ground for relief is that his sentence is unconstitutional under United States v. Booker, __ U.S. __, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). (Docket no. 1 at 5) His second ground for relief is that his sentencing process was tainted by plain and structural error based on Booker. (Id. at 6) His third ground for relief is that his prior convictions were improperly

---

[1] Citations to the record will be to the civil case unless otherwise noted.

used under Booker. (Id. at 8; docket no. 5 at 2-4) Therefore, all of petitioner's claims are based on Booker.

Unfortunately for petitioner, however, Booker is not applicable in this collateral proceeding. Petitioner's judgment of conviction was entered on April 20, 2004. (Docket no. 14 (criminal case)) Because he did not file a direct appeal, his judgment became final ten days after entry of judgment on May 4, 2004. See Fed. R. App. P. 4(b); Clay v. United States, 537 U.S. 522, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003). Booker, the case which applied the reasoning in prior cases, including Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), to the federal sentencing guidelines, is not retroactively applicable to cases on collateral review. See Booker, 125 S.Ct. 738 (decision to be applied only to cases not yet final when decision issued); see also Schriro v. Summerlin, 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004) (Ring and a fortiori Apprendi does not apply retroactively on habeas review). Because petitioner's judgment became final in 2004 and Booker was decided in 2005, it would have to be applied retroactively to benefit petitioner. This cannot be done. Therefore, all of petitioner's grounds for relief should be dismissed.

Petitioner may be relying to some degree in his third ground for relief on Shepard v. United States, __ U.S. __, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). (Docket no. 5 n.2) Shepard held that a sentencing court could not look back to the police report to determine whether a burglary conviction was a violent felony

-2-

Case 1:05-cv-00358-NCT-RAE   Document 7   Filed 08/12/05   Page 2 of 3

offense under the Armed Career Criminal Act. This case does not affect petitioner's sentence. Shepard also did not overrule Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). See Shepard, 125 S.Ct. 1254.

**IT IS THEREFORE RECOMMENDED** that petitioner's motion to vacate, set aside or correct sentence (docket no. 1) be **DENIED** and that Judgment be entered dismissing this action.

_____
**United States Magistrate Judge**

August 12, 2005